761 P.2d 1234

In the Matter of the Appeal of Terry R. WOODWARD from the Board of Equalization of Ada County for the Tax Year 1984.

Terry R. WOODWARD, Appellant,

v.

BOARD OF EQUALIZATION OF ADA COUNTY, Respondent.

No. 16728.

Court of Appeals of Idaho.

Aug. 2, 1988.

Rehearing Denied Oct. 13, 1988.

---

Terry R. Woodward, Boise, pro se.

Greg H. Bower, Ada County Prosecutor by Phillip J. Collaer, Deputy Pros. Atty., Boise, for respondent.

PER CURIAM.

This appeal arises from a dispute over property taxes. The issue is whether the Board of Tax Appeals has authority to direct a county board of equalization to correct an apparent error in one of its orders. We hold that it does.

The appeal comes to us in unusual circumstances. In 1984 Terry Woodward challenged the valuation placed by the Ada County Assessor upon two parcels of real property. The procedure used by Woodward consisted of filling out a "protest of valuation form" on each property. This form includes instructions telling the taxpayer-appellant to enter the assessor's values on the form. Woodward did not obey the instructions. He entered his alleged values rather than those determined by the assessor. The Ada County Board of Equal-

ization rejected Woodward's challenge but, due to apparent clerical error, entered orders specifying property values as alleged by Woodward rather than as determined by the assessor.[1] Woodward then sought to have the tax roll changed to reflect the values recited in the Board of Equalization's orders. When the Ada County Auditor refused to change the tax roll, Woodward appealed to the Board of Tax Appeals. The county responded by asking the Board of Tax Appeals to order a correction of the property assessments.

The Board of Tax Appeals refused to consider evidence provided by the county that the Board of Equalization's orders contained clerical errors. The Board of Tax Appeals held that the county's request was, in effect, an appeal of the Board of Equalization's orders and that such appeal was untimely under I.C. § 63–2210. The Board of Tax Appeals ordered that the tax roll be changed to reflect values as recited by the Board of Equalization. The county then appealed to the district court. The judge overturned the Board of Tax Appeals' order and remanded the case with direction that the Board of Tax Appeals correct any errors in the Board of Equalization's orders. Woodward then appealed. The only issue before us is whether the Board of Tax Appeals has the authority to consider the evidence presented by the county and to correct errors in the Board of Equalization's orders. We affirm the district court's decision.

Idaho Code § 63–2210 vests jurisdiction in the Board of Tax Appeals to hear appeals of orders entered by the various county boards of equalization. Idaho Code § 63–3813 makes decisions of the Board of Tax Appeals conclusive when not appealed to a district court. Idaho Code § 63–3813 further directs that "*all records* shall be corrected to comply with the decision of the [B]oard [of Tax Appeals]." (Emphasis added.) As noted, Woodward sought a change in the tax roll to reflect the figures contained in the orders entered by the Ada

---

1. Since there were two parcels whose values were disputed there were two assessments made and two appeals to the Board of Equalization. Later, the Board of Tax Appeals consolidated the appeals.

County Board of Equalization. The Board of Tax Appeals had the authority to order the change of the tax roll figures, as Woodward requested. We hold that it also had authority to order a correction of assessment figures recited by the Board of Equalization, as the county requested.

Idaho Code § 63–3808 requires the Board of Tax Appeals to "adopt and publish such rules and regulations as may be necessary to carry out its duties and amplify the procedural structure set out in this act...." The Board of Tax Appeals has adopted rules and regulations which have been codified as IDAPA 36 (1975).[2]

> Pleadings before the Idaho Board of Tax Appeals shall be styled after those provided in the Idaho Rules of Civil Procedure.... Parties may also file responsive pleadings whenever they feel such pleadings are necessary to clarify the issues raised on appeal, whether required by the Board or not.

IDAPA 36.5.3. Idaho Rule of Civil Procedure 7(a) permits a party to file an answer. Rule 8(b) of the Idaho Rules of Civil Procedure authorizes a party to state his defenses to each claim asserted. Thus, under the Board of Tax Appeals' rules and regulations, the county was permitted to present its defense to Woodward's claim that the tax roll did not properly reflect his properties' valuations.

"The board of tax appeals may receive further evidence, and shall make such order as in its judgment is just and proper." I.C. § 63–2210(2). *See also* IDAPA 36.11.1. Thus, the Board of Tax Appeals was authorized to receive evidence in support of the county's defense that the Board of Equalization's orders contained clerical errors that should not be reflected in the tax roll. In this case the Board erred in refusing to consider evidence offered by the county in support of its defense of Woodward's claim.

The district court's order remanding the case to the Board of Tax Appeals and directing correction of the figures recited by the Board of Equalization, is affirmed.

761 P.2d 1236

Vaughn CROSS and Lila Cross, husband and wife, Plaintiffs–Appellants,

v.

Boyd MOULTON and Jane Doe Moulton, husband and wife, Defendants–Respondents.

No. 17168.

Court of Appeals of Idaho.

Aug. 31, 1988.

Rehearing Denied Oct. 14, 1988.

**2.** The rules and regulations were amended August 1, 1987 which was after this case was decided by the Board of Tax Appeals. All citations to the rules and regulations in this opinion are to the 1975 version.

Marc J. Weinpel of Weinpel, Woolf, Just, Combo & Davis, Idaho Falls, for plaintiffs-appellants.

Roy D. Moulton, Driggs, for defendants-respondents.

SWANSTROM, Judge.

The single issue in this appeal is whether the district judge abused his discretion in refusing to set aside a stipulation settling a boundary dispute. In 1981, Vaughn and Lila Cross filed a petition for declaratory judgment seeking to be declared the owners of real property in Teton County. The Crosses alleged that the boundary line between their property and that of their neighbors, the Moultons, coincided with an old fence line. In 1980 the Moultons had removed this fence following a survey which established that the fence was located entirely on their property and was not on the described boundary between the two neighbors. The Moultons erected a new fence on their described property line and subsequently subdivided this part of their property. Several of the lots along the new boundary fence were later sold.

After several continuances, the Crosses' suit was set for trial on February 4, 1987. On that day, the parties negotiated and apparently reached a settlement. The terms were announced in court by the Crosses' counsel. He stated that the parties had agreed the property line would remain as indicated by the new survey and fence. The Crosses were to have judgment against the Moultons in the amount of $2,000, with each party paying his or her own attorney fees and costs. The court then asked the Crosses' counsel to prepare a judgment for execution by the court. Over a month elapsed without a proposed judgment being submitted. Accordingly, on March 12, the court sua sponte sent the parties a notice of intent to dismiss the case pursuant to the stipulation when the $2,000 was paid.

Shortly after, although no judgment or order had been entered, the Crosses filed a motion for relief under I.R.C.P. 60(b). They alleged that they entered into the stipulation as the result of an excusable mistake in their understanding of the terms of settlement. The motion was denied by the court and judgment was entered in accordance with the stipulation. The Crosses appeal this final judgment, contending that the district court erred in its denial of the Rule 60(b) motion. We affirm.

In their Rule 60(b) motion and the supporting affidavits the Crosses contended that the terms of the settlement were misunderstood due to the unique circumstances under which the stipulation was made. They noted that on the day of trial, Vaughn Cross was in the hospital for open heart surgery and was unable to attend the court proceeding. Due to the difficulties of obtaining a trial date and the lengthy continuances, the Crosses decided that the trial should proceed with only Lila Cross present. At some point during Lila's discussions with counsel and conversations by telephone with Vaughn, the Crosses became convinced the settlement was to be $2,000 for each acre of the disputed property, some eight or nine acres, and not $2,000 as a total amount. According to the Crosses, the true nature of the stipulation was learned only after it was discussed at the court proceeding. The Crosses contended that Lila's preoccupation with Vaughn's operation led to this misunderstanding of the terms of the stipulation.

We preface our analysis by noting an apparent procedural irregularity inherent in the Crosses' motion. Under I.R.C.P. 60(b), a party may move for relief from a final judgment, order or proceeding for any one of several enumerated reasons. As noted, the Crosses filed their motion after the court gave notice of its intent to dismiss the case pursuant to the parties' earlier stipulation. The Crosses' motion sought to set aside the "order" entered by the

court on the date the parties agreed to the stipulation. The record, however, fails to disclose any final judgment or order filed on that date or any date prior to the Crosses' motion. The record contains only a clerk's minute entry dated February 4, 1987, capsulizing the stipulation and reciting that the Crosses' attorney would prepare a proposed judgment. A final judgment was not entered until the court issued its memorandum decision after the hearing on the Crosses' motion for relief.

It is also apparent, however, that the district court chose not to deny the Crosses' motion based upon the lack of a final judgment but instead treated the motion as one to set aside the stipulation. This exercise of the court's discretion, enabling it to consider the actual thrust of the Crosses' motion, has not been questioned in this appeal by the Moultons.

■ Accordingly, we turn to the district court's decision to deny the Crosses' motion. It is within the court's discretion, for good cause and to prevent injustice, to relieve the parties from a stipulation which has been entered into through a mistake or misunderstanding of fact. *Singleton v. Pichon*, 102 Idaho 588, 635 P.2d 254 (1981); *Call v. Marler*, 89 Idaho 120, 403 P.2d 588 (1965). The district court's decision to deny relief will not be overturned absent an abuse of that discretion.

The district court's decision focused on the stipulation as it was presented in court after the parties' negotiations. The court addressed the Crosses' arguments with awareness of its discretionary ability to set aside a stipulation entered into as a result of inadvertence, improvidence or excusable neglect. The court noted that the stipulation was presented in open court by the Crosses' counsel in the presence of Lila. The terms of the agreement were clearly stated. The court emphasized that the term "acreage" was never used by the parties at the proceeding nor had they discussed the acreage involved in the dispute. The court found no plausible explanation for the Crosses' contention that they believed the stipulation was $2,000 for each acre of land and concluded that the Crosses had failed to establish an excusable mistake or inadvertence warranting relief.

The Crosses' motion raised the sole issue of whether an excusable mistake or misunderstanding of fact existed as to the stipulated amount the Crosses were to receive in the settlement. On appeal, we have the same record that was before the district judge when he decided the motion. The facts and allegations presented to the district judge are disclosed by the motion, the transcript of the proceedings when the stipulation was stated in open court, Vaughn's affidavit, and the affidavits of the attorneys on both sides. From this record, we conclude that the court did not abuse its discretion in the denial of the motion.

■ The motion and affidavits did not contain an adequate explanation of how the Crosses misunderstood the terms of the proposed settlement. In order to show that a mistake is excusable the parties must establish how the mistake occurred and who made the mistake. Here, the attorney who represented the Crosses at trial did not contend that he ever misunderstood what the offer of settlement was. He clearly stated the terms of the stipulation in open court with Lila present. We find nothing here indicating any basis for misunderstanding.[1]

---

THE COURT: All right, [defendant's counsel], are the terms of the settlement as agreed upon?

[DEFENDANT'S COUNSEL]: Yes, Your Honor. That conforms exactly to what the parties agreed to.

THE COURT: Very well, [plaintiff's counsel], please prepare a suggested judgment for execution by the court, submit it to [defendant's counsel] for his approval so that any questions will be resolved and then to the court and the case will be considered settled. Thank you. Court will be in recess.